UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD E. KOHN,

     Plaintiff,

v.                                        Case No. 2:16-CV-115

UNKNOWN ERNST, et al.,               HON. GORDON J. QUIST

     Defendants.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Floyd Kohn, brought a civil rights action as a state prisoner, pursuant to 42 U.S.C. § 1983, against a number of defendants in the Michigan Department of Corrections (MDOC). Judge Robert Holmes Bell issued a screening opinion on September 26, 2016, dismissing some of Kohn's claims for a failure to state a claim.[1]  (ECF No. 4.)  Remaining state defendants filed a motion for summary judgment based on a failure to exhaust administrative remedies on March 2, 2017.  (ECF No. 36.)  On November 30, 2017, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R), recommending that the Court grant most of Defendants' motion, and deny the motion as to Defendants Lancor and Hall for Kohn's Eighth Amendment failure to protect claim and Equal Protection claim, respectively.  (ECF No. 40.)  Kohn filed an objection to the R & R.  (ECF No. 42.)

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a de novo

---

[1] Judge Bell took inactive senior status in 2017 and the case was reassigned to this Court.

review of the R & R, Kohn's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The magistrate judge concluded that Kohn did not successfully exhaust his administrative remedies against Defendants, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The magistrate judge compared Kohn's surviving claims with the claims he carried through the third and final step of the MDOC grievance process and found that only two of Kohn's existing claims corresponded with his Step III grievances—the two claims of which the magistrate judge recommended denying Defendant's motion. (ECF No. 40 at PageID.813.) As the R & R noted, Kohn did indeed submit multiple grievances, often alleging deplorable actions by Defendants, but those grievances did not align with his surviving claims. (ECF No. 40 at PageID.816.)

For instance, Kohn alleges that Defendant Payment offered favors in return for sexual acts by Kohn and often made homophobic and racist remarks. (ECF No. 4 at PageID.452; ECF No. 36-4 at PageID.654.) Kohn's Step III grievance focused on Payment's inappropriate sexual comments and his derogatory language aimed at Kohn. (ECF No. 36-4 at PageID.654–55.) Judge Bell's opinion limited Kohn's actionable claims against Payment to a failure to protect claim. (ECF No. 4 at PageID.479.) This failure to protect claim does not correspond to Kohn's Step III grievance against Payment. The magistrate judge found that this was true for all of Kohn's claims but for those against Lancor and Hall.

In his objection to the R & R, Kohn does not specifically argue that he had submitted a grievance on each of his surviving claims, nor does he cite to specific exhibits showing as much. Rather Kohn makes broad statements that "the information is right there in front of [the Court] in the Main Complaint." (ECF No. 42 at PageID.820.) The Court recognizes that Kohn has indeed

submitted voluminous records including his Step III grievances and agrees with Kohn that "[t]here are literally multiple Stage III grievances" regarding the Defendants. (*Id.* at PageID.819.) However, Kohn must show that the grievances correspond to his claims in this action—grievances against specific Defendants are not sufficient when the substance of the grievances are different from the substance of the claims in the instant action. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 40) is **APPROVED AND ADOPTED** as the Opinion of this Court, Plaintiff's Objection (ECF No. 42) is **OVERRULED**, and Defendants' motion for summary judgment (ECF No. 35) is **DENIED** as to Defendants Lancor and Hall and **GRANTED** without prejudice as to the remaining Defendants.

Dated: February 2, 2018　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE